## WINTON DEVELOPMENT CO v WEISZ

Ohio Appeals, 2nd Dist, Franklin Co

No 2166.   Decided Oct 11, 1932

Frank V. Bayer, Columbus, for plaintiff in error.

Pretzman, Dillon & Craig, Columbus, for defendant in error.

KUNKLE, J.

In reference to the first ground of the motion, we think the court properly overruled the same as the plaintiff in error is a corporation and failed to designate an agent upon whom process could be served. The summons in this case was therefore served upon the secretary of state in the manner prescribed by law. The plaintiff in error having failed to comply with the provisions of law can not be heard to complain if the statutory provision was complied with in the event the plaintiff failed to designate an agent upon whom process could be served.

Did the plaintiff in error tender an answer setting forth a defense to the claim of defendant in error?

The answer as filed consisted merely of a general denial.

Sec 11314, GC, provides what the answer shall contain in order to constitute an answer, viz.:

"First. A general or specific denial of each material allegation of the petition contraverted by the defendant.

"Second. A statement in ordinary and concise language of new matter constituting a defense, counterclaim or set-off."

Counsel for defendant in error claim that the order of the court of date August 18th was inadvertently entered, as the trial court had previously announced that permission to file an answer would not be granted. This claim of counsel is not supported by the record, as it is admitted that no memorandum thereof was made upon the court's docket to that effect.

However that may be, we are of opinion that the court did not err in overruling the motion of the plaintiff in error to vacate the judgment, nor in striking the answer of plaintiff in error from the files. The answer tendered was merely a general denial and as the discretion of the court was invoked the answer did not in our opinion constitute such an answer as the trial court was required to accept. The plaintiff in error should have tendered an answer setting forth in detail facts, which if true, constituted a valid defense. This is not a case wherein the defendant was filing an answer as a matter of right, but was a case wherein the defendant was appealing to the discretion of the court for permission to file an answer, and therefore the court was justified in refusing to accept the proffered answer if the same did not set forth in detail such facts if proven as would have constituted a valid defense to the petition. We do not think the answer tendered met the requirements of law which the trial court was justified in demanding and that the court was therefore justified in striking the same from the files. Whether the trial court was actuated by any reason other than the form

of the answer we are unable to state, but are of opinion that the trial court neither abused its discretion nor erred in its rulings as of date August 19th.

Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.